IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBORAH PORTER CAHILL,

      Plaintiff,                      CASE NO.: 3:13-CV-231-5-20JRK

vs.

TARGET CORPORATION, a Foreign
Profit Corporation,

      Defendant.

---

## DEFENDANT TARGET CORPORATION'S AMENDED MOTION IN LIMINE AND MEMORANDUM OF LAW

Defendant, by and through its undersigned attorneys and pursuant to the applicable Federal Rules of Civil Procedure moves in limine to preclude any comment, evidence, or other testimony with respect to the following issues at the trial of this case, based upon the following grounds:

1. Challenging counsel to explain to the jury why it did not call certain witnesses, or why deposed witnesses were not at trial, or making other reference to matters outside the record.

2. Any comments or testimony that the Plaintiff's April 5, 2010 lumbar or January 31, 2011 cervical surgical procedures were related to the Target accident.

3. Any comments, testimony, medical records or other evidence about the Plaintiff's previous miscarriage and/or pregnancy issues, marital problems, custody issues, death of her children, court battles with her ex-husband, and completely irrelevant health issues, that are irrelevant to the matters at issue in this case.

4. Any comments, testimony, medical records or other evidence about the Plaintiff having wanted to adopt the baby she was caring for at the time of the Target store accident.

## MEMORANDUM OF LAW

Defendant requests this Court exclude and order that Plaintiff refrain from any comment, evidence or other testimony with respect to the subjects discussed below.

 *A.* *Challenging counsel to explain to the jury why it did not call certain witnesses, or why deposed witnesses were not at trial, or making other reference to matters outside the record.*

Neither party should be permitted to comment on the opposing party's failure to call a particular witness. When a witness is equally available to all parties, permitting one party to comment on the opposing party's failure to call the witness is improper. Wells v. Cramer, 2009 WL 678102 (M.D. Fla. 2009) (citing Lasprilla v. State, 826 So.2d 396, 398 (Fla. 3d DCA 2002) (citing State v. Michaels, 454 So. 2d 560, 562 (Fla. 1984).

 *B.* *Any comments or testimony that the Plaintiff's April 5, 2010 lumbar laminectomy or January 31, 2011 anterior cervical discectomy and arthrodesis surgical procedures are related to the Target accident.*

Plaintiff's counsel should be prohibited from commenting or presenting any evidence regarding Plaintiff's April 5, 2010 lumbar laminectomy or January 31, 2011 anterior cervical discectomy and arthrodesis surgical procedures being related to the Target accident because there is no evidence from any doctor that the need for these surgeries arose as a result of the Target accident. To the contrary, Plaintiff's treating physician, Dr. Paulo Monteiro is unable to attribute these surgeries to the accident.

Dr. Paulo Monteiro was deposed on September 24, 2013. He testified that the need for Plaintiff's lumbar surgery was caused by the natural progression of her degenerative spondylosis disease because there was no disc herniation found at surgery that implied a traumatic event. (Monteiro depo, P. 25, L 12 – P. 26, L 2). He also testified that in light of the Plaintiff's history, including a fall sometime in early 2011 and prior MRI studies where the same pathology was seen,

there was no way he could say that the neck surgery he performed on January 31, 2011 was necessitated by the Target accident. (Monteiro depo, P. 29, L 18 – P. 30, L 1). When he saw the Plaintiff in March 2010, she had a similar radiological picture as she did before the Target incident; but after her unrelated fall in early January 2011, the findings were much more dramatic and she reported she could not walk and could not control her urine. (Monteiro depo, P. 30, L 2-17).

Dr. Richard Boehme, a neurologist, provided a narrative report to Plaintiff's counsel which stated the Plaintiff's "clinical condition" was related to the Target fall. First, Dr. Boehme's report does not constitute evidence that Plaintiff's **surgeries** were necessitated by the subject accident. Plaintiff's potential reliance on this report is problematic in a number of respects. The narrative report of Dr. Boehme is inadmissible and does not constitute competent evidence. See Tokio Marine & Fire Insurance Co. Ltd., v. Norfolk & Western Railway Co., 1999 U.S. App. LEXIS 476 (4th Cir. 1999); and see Forward Communications Corp. v. U.S., 608 F.2d 485 (U.S. Ct. Cl. (1979) (reports prepared to state or support expert opinions are not admissible without preparer being present in court to testify as to his qualifications as an expert and to be cross-examined on the substance, pursuant to Rules 702 and 705, Federal Rules of Evidence); see also Klein v. TAP Pharmaceutical Prods., Inc., 518 Fed. Appx. 583, 584 (9th Cir. 2013) (holding expert reports are not admissible at trial); Graddy v. City of Tampa, 2014 U.S. Dist. LEXIS 36072 *3 (M.D. Fla. 2014) (holding that statements in medical records are properly excluded as hearsay).

Second, the report does not stand for the proposition that the Plaintiff's lumbar and neck surgeries after the accident were necessitated to the Target accident. The report simply states: "I feel that the patient has reached MMI and that her *clinical condition* is the direct result of her accident of May 27, 2009." (Boehme narrative pg. 5). Plaintiff's "clinical condition" is a very broad and vague term and in no constitutes evidence of whether her spinal surgeries were

3

necessitated by the Target accident in light of Plaintiff's pre-existing conditions and history of other falls. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (holding summary judgment appropriate if evidence favoring the non-moving party is merely colorable, or is not significantly probative).

Third, Dr. Boehme was not disclosed by the Plaintiff as an expert witness. Even if he had been, his opinion as to the cause of the spinal surgeries must be medically reliable to be admissible. Plaintiff would have had to prove Dr. Boehme is qualified to render such an opinion and that he had formed the opinion through application of reliable methods. See McClain v. Metabolife Int'l, Inc., 401 F.3d 1233, 1237-38 (11th Cir. 2005). Plaintiff has made no such showing in this case. Dr. Boehme is a neurologist, not a surgeon and thus is unqualified to offer an opinion on the need for Plaintiff's spinal surgery. See Watson v. Taylor, 2006 U.S. Dist. LEXIS 100936 *12-14 (D. Kan. 2006) (excluding, due to lack of reliability, non-surgeon medical doctor's opinion on propriety of decision to perform surgery). Plaintiff's neurosurgeon, Dr. Monteiro, who performed the subject surgeries, testified he could not say whether the Target accident necessitated the surgeries. Dr. Richard Boehme was deposed on August 11, 2014. Defendant disputes Dr. Boehme's qualifications to address the issue of whether the Target accident necessitated her neck and low back surgeries. However, his testimony actually supports Defendant's Motion in Limine, as he cannot relate either the Plaintiff's neck or back surgery to the accident. (Dr. Boehme depo, P. 35, L 4 – P. 37, L9; P. 79, L 20 – P. 87, L 7; P. 106, L 4-17)

There is no admissible evidence proving a causal connection between the Plaintiff's need for her neck and back surgeries and the Target fall. Her own treating physicians, Dr. Monteiro and Dr. Boehme, could not establish with reasonable medical probability that her need for these surgeries was related to the accident. Plaintiff should not be able to provide testimony or comments

4

seeking to relate these surgeries to the accident and should not be able to submit the medical bills for these procedures to the jury for consideration as being medical bills incurred as a result of Defendant's alleged negligence.

Since this is a diversity case, Florida's substantive law regarding a Plaintiff's burden of proof on causation is applied. Hendrix v. Evenflo Company, Inc., 609 F.3d 1183 (11th Cir. 2010); Ramirez v. E.I. Dupont De Nemours and Company, 2010 WL 5055856, n.2 (M.D. Fla. 2010). The burden of proof is on the Plaintiff to show his injury was caused by the accident. In negligence cases, Florida follows the "more likely than not" standard of causation, i.e., courts require proof the negligence "probably caused" the plaintiff's injury. St. Joseph's Hospital v. Cox, 14 So. 3d. 1124 (Fla. 2nd DCA 2009) (quoting Gooding v. Univ. Hosp. Bldg., 445 So. 2d 1015, 1018 (Fla. 1984)). Stated another way, "one injured by the negligence of another is entitled to recover the damages proximately caused by the act of the tort-feasor, and the burden of proof is on the plaintiff to establish the damages he seeks were proximately caused by the negligence of the defendant." Gross v. Lyons, 721 So. 2d 304, 310 (concurring) (Fla. 4th DCA 1998). "'A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.'" Elder v. Farulla, 768 So. 2d 1152 (Fla. 2nd DCA 2000) (quoting Gooding v. Univ. Hosp. Bldg., at 1018 (quoting Prosser, *Law of Torts § 41*) (4th ed. 1971))).

Further, the established standard of proof for medical evidence is a reasonable degree of medical probability. Closet Maid v. Sykes, 763 So. 2d 377, 382 (Fla. 1st DCA 2000) (noting causation must be proven to a reasonable degree of medical probability"). Here, Dr. Monteiro is the Plaintiff's own treating physician. As evidence by the testimony of Dr. Monteiro and Dr. Boehme, the Plaintiff is unable to prove the required causal connection between her neck and back

5

surgeries and the Target fall. The Plaintiff should therefore be precluded from making comment, presenting evidence or medical bills on these two surgeries.

    C.    *Any comments, testimony, medical records or other evidence about the Plaintiff's history that are irrelevant to the matters at issue in this case.*

The Plaintiff's deposition testimony and medical records are replete with Plaintiff's references to certain events from her life which are wholly irrelevant to the issues of this lawsuit. Specifically, Plaintiff's deposition addresses a previous miscarriage, problems with getting pregnant, problems during her pregnancy, a difficult delivery involving the birth of triplets, complications with some of her children and subsequent deaths of her children, having a child temporarily removed from her home, court battles with her ex-husband, issues with her breast implants rupturing and potentially contributing to her child's death, having wanted to adopt the baby she was caring for at the time of the Target store accident, and other completely irrelevant health issues. (See Plaintiff's deposition, pages 11, 18-22, 97-99) Additionally there are several medical records, including records from her psychiatrist, Dr. Groble, which reference similar unrelated issues as well as others, including her children's' death, dealings with her ex-husband and child support battle, issues with her brother and sister, and the death of her father. The Plaintiff even wrote a letter directly to Dr. Richard Boehme on May 9, 2011 setting forth extensive detail of her life history, including her pregnancy at age 40 with multiple crises relating to the triplets she carried, having been a victim of domestic violence, her children dying, her legal battle with her children's father and other unrelated health issues.

Testimony or evidence of any of these or similar issues are wholly irrelevant to the facts at issue in this case. Rule 401, Federal Rules of Evidence states that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Otherwise, irrelevant evidence is not

admissible. See Rule 402, Federal Rules of Evidence. The types of references to Plaintiff's life history, cited above, are of no consequence in determining the Plaintiff's claim against Target Corporation. Even if there was some relevance to this evidence, any probative value would be heavily outweighed by the danger of the jury sympathizing with the Plaintiff. The court may exclude such evidence when its probative value is substantially outweighed by this danger of unfair prejudice. See Rule 403, Federal Rules of Evidence. As such, any such irrelevant testimony, comments or evidence pertaining to the Plaintiff's life history should be excluded from trial.

> D.   *Any comments, testimony, medical records or other evidence about the Plaintiff having wanted to adopt the baby she was caring for at the time of the Target store accident.*

The Plaintiff's deposition testimony and medical records referenced the Plaintiff's claim that she wanted to adopt the baby she was caring for at the time of the Target store accident. She admitted in her deposition there had been no adoption papers filed at the time of the accident. (See Plaintiff's deposition, pages 32-34) Testimony or evidence of this issue is wholly irrelevant to the facts of this case. Rule 401, Federal Rules of Evidence states that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Otherwise, irrelevant evidence is not admissible. See Rule 402, Federal Rules of Evidence. This type of reference to the Plaintiff's desire to adopt is of no consequence in determining the Plaintiff's claim against Target Corporation. Even if there was some relevance to this evidence, any probative value would be heavily outweighed by the danger of unfair prejudice. The court may exclude such evidence when its probative value is substantially outweighed by this danger of unfair prejudice. See Rule 403, Federal Rules of Evidence. This irrelevant testimony, comments or evidence pertaining to the Plaintiff's desire to adopt a baby should be excluded from trial.

7

## LOCAL RULE 3.01(g) CERTIFICATION

Defendant's counsel conferred with Plaintiff's Counsel, and confirmed that Plaintiff's counsel has no objection to paragraph 1 of Defendant's Amended Motions in Limine, Plaintiff's counsel objects to paragraph 2 of Defendant's Amended Motions in Limine, Plaintiff does not object to the marriage, custody, and pregnancy/complication issues set forth in paragraph 3 of Defendant's Amended Motions in Limine, but does object to the remainder of the issues in paragraph 3, and Plaintiff objects to paragraph 4 of Defendant's Amended Motions in Limine.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic mail to Thomas D. Roebig, Esquire, Florin Roebig, P.A., Primary E-mail: tdr@florinroebig.com, Secondary E-mails: bknetzer@florinroebig.com, and PISERVICE@florinroebig.com, this 15th day of September, 2014.

SAALFIELD, SHAD, STOKES, INCLAN,
STOUDEMIRE & STONE, P.A.

WILLIAM T. STONE
Florida Bar No. 263397
DAMA A. JACOBS
Florida Bar No. 0059053
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
Phone: (904) 355-4401
Facsimile: (904) 355-3503
wstone@saalfieldlaw.com
Attorney for Defendant