IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBORAH PORTER CAHILL,

        Plaintiff,                          CASE NO.: 3:13-CV-231-5-20JRK

vs.

TARGET CORPORATION, a Foreign
Profit Corporation,

        Defendant.

## DEFENDANT'S TRIAL BRIEF AND SUPPORTING MEMORANDUM

Defendant, Target Corporation, by and through its undersigned attorneys and pursuant to this Court's Order, respectfully submits to the Court its trial brief regarding significant disputed issues of law which are likely to arise at trial and in support thereof, states as follows:

### I. BACKGROUND

This case arises out of an accident that happened on May 27, 2009 at a Target store located at 13750 Beach Boulevard, Jacksonville, Florida. The Plaintiff, Deborah Porter Cahill, alleges Target Corporation was negligent when one of its employees struck her with a cart during the course and scope of his employment with Target, causing Plaintiff to fall and sustain injuries. Target Corporation acknowledges an employee struck Ms. Cahill with a cart while in the course and scope of his employment, but denies the accident caused injury to the Plaintiff, and further alleges the Plaintiff, Deborah Porter Cahill, may have also been negligent.

## II. EVIDENTIARY ISSUES AND MEMORANDUM OF LAW

In addition to those matters raised in Defendant's Amended Motions in Limine, (Doc. No. 45), incorporated herein by reference, Defendant submits the following evidentiary issues and argument for the Court's consideration.

### 1. Plaintiff's Anticipated Hearsay

Plaintiff's medical records are replete with Plaintiff's statements to various treating physicians about what other treating physicians have purportedly told her or recommended for her in terms of medical treatment. She also made similar references during her deposition testimony. For example, during her July 3, 2014 appointment with Dr. Christopher Roberts of Jacksonville Spine Center, she told Dr. Roberts that Dr. Robert Hurford had recommended surgery for her back and possibly her neck. This statement was also false, according to records from Dr. Hurford. These types of statements constitute inadmissible hearsay which should not be permitted at trial. Federal Rule of Evidence 801(c)(2) provides that "hearsay" is a statement that a party offers in evidence to prove the truth of the matter asserted in the statement. The Plaintiff should not be permitted to testify at trial about anything she was told by her physicians. Ms. Cahill has a strong tendency to give long rambling answers, often unresponsive, and Defendant is concerned she will improperly offer hearsay testimony about things that have been said to her at various times by her many treating physicians.

### 2. Exclusion of Testimony Regarding the Possibility of Future Surgery

Defendant anticipates Plaintiff may attempt to allege that as a result of the Target accident, she may need future medical treatment in the form of future neck or back surgeries or implantation of a dorsal column stimulator. Since this is a diversity case, Florida's substantive law applies regarding a Plaintiff's burden of proof on future damages. Hendrix v. Evenflo Company, Inc., 609

F.3d 1183 (11th Cir. 2010); Ramirez v. E.I. Dupont De Nemours and Company, 2010 WL 5055856, n.2 (M.D. Fla. 2010). Defendant submits Plaintiff should not be permitted to testify or present testimony regarding the possibility of any future surgeries or medical procedure.

In Crosby v. Fleming & Sons, Inc., 447 So. 2d 347 (Fla. 1st DCA 1984), the Court granted Defendant's motion for new trial based on a doctor's speculative testimony as to his opinions on the Plaintiff's future medical care, as the doctor's opinions were couched in terms of "possibilities," which were found not probative of the Plaintiff's claim for future damages. The physician had testified in terms of possibilities, not probabilities, as to what the Plaintiff's future condition and medical needs might be. Id. at 348-49. Subsequently, in 3-M Corp.-McGhan Medical Reports Division v. Brown, 475 So. 2d 994 (Fla. 1st DCA 1985), the First District Court of Appeal addressed error in allowing a treating physician to opine as to future medical treatment where the opinion was couched in terms of possibilities instead of probabilities. The Court recognized this type of improperly admitted evidence could not be considered harmless. Id. at 998. Plaintiff should be prohibited from testifying or presenting opinion testimony from her treating physicians regarding the **possibility** of any future surgeries or medical procedure.

### 3. Plaintiff Only Presenting Portions of Medical Bills paid by Medicare

Since this is a diversity case, Florida's substantive law applies regarding a Plaintiff's burden of proof on damages. Hendrix v. Evenflo Company, Inc., 609 F.3d 1183 (11th Cir. 2010); Ramirez v. E.I. Dupont De Nemours and Company, 2010 WL 5055856, n.2 (M.D. Fla. 2010). One of the issues in this case is the appropriate measure of compensatory damages for past medical expenses. The objective of compensatory damages is to "make the injured party whole to the extent that it is possible to measure his injury in terms of money." Cooperative Leasing, Inc. and Domer v. Johnson, 872 So. 2d 956 (Fla. 2d DCA 2004) (quoting Mercury Motors Express, Inc., v. Smith,

3

393 So. 2d 545, 547 (Fla. 1981)). In Cooperative Leasing, supra, the appellants (defendants in the trial court) challenged judgment entered in favor of the appellee in a personal injury action where the trial court allowed the appellee to admit into evidence bills for medical expenses for which she never incurred liability and in allowing her to recover an amount in excess of benefits paid by Medicare as an element of compensatory damages. The appellate court agreed and concluded the appellee was "not entitled to recover for medical expenses beyond those paid by Medicare because she never had any liability for those expenses and would have been made whole by an award limited to the amount that Medicare paid to her medical providers." Id. at 958. The Cooperative Leasing Court recognized the case of Thyssenkrupp Elevator Corp. v. Lasky, 868 So. 2d 547 (Fla. 4th DCA 2003), which concluded that the difference between the amount paid by Medicare and the amount charged by medical providers should not have been admitted into evidence. Id. In reaching its conclusion, the Thyssenkrupp Court relied on Florida Physician's Insurance Reciprocal v. Stanley, 452 So. 2d 514 (Fla. 1984), which quoted at length from Peterson v. Lou Bachrodt Chevrolet Co., 392 N.E.2d 1 (Ill. 1979). The issue before the court in Peterson was whether the Plaintiff could recover the value of free medical services. In Peterson, the court stated an individual is not entitled to recover for the value of services he has obtained without any expense, obligation or liability. Id. at 5. Many other courts have also concluded that the difference between the amount paid by Medicare or Medicaid and the amount charged by medical providers is not compensable. See Hanif v. Housing Authority, 200 Cal. App. 3d 635 (1988); Moorhead v. Crozer Chester Med. Ctr., 564 Pa. 156 (2001); Bates v. Hogg, 921 P.2d 247 (Kan. App. 1996).

The Cooperative Leasing Court explained that section 768.76, Fla. Stat., excludes Medicare benefits as a collateral source because the federal government has a right to reimbursement from the plaintiff's recovery for payments it has made on their behalf. Under

federal law, the government's right to reimbursement does not extend to amounts never actually paid to medical providers. If the Plaintiff were able to recover the full amount of her medical bills, including the amount for which she never became liable and for which the federal government has no right to reimbursement, she would receive a windfall that is contrary to the legislative policy evidenced by the collateral source provision of the Florida Statutes, section 768.76. As such, the Court held "the appropriate measure of compensatory damages for past medical expenses when a plaintiff has received Medicare benefits does not include the difference between the amount that the Medicare providers agreed to accept and the total amount of the plaintiff's medical bills." Id. at 960. As in Cooperative Leasing, this Court should prohibit the Plaintiff from introducing the full amount of her past medical bills into evidence. Only the amounts paid by Medicare are recoverable.

As indicated in Defendant's Amended Motions in Limine (Doc. No. 45), there is no evidence to support Plaintiff's allegation that her neck and back surgeries were necessitated or caused by the Target accident. Her own treating physician does not relate these surgeries to the accident. Of these medical bills obtained to date, (excluding ones pertaining to Plaintiff's neck and back surgeries, and follow-up physical therapy ordered after each surgery), the Plaintiff's total medical bills are $64,836.30. However, of that amount, Medicare paid $15,340.43 of those remaining bills. Defendant therefore submits Plaintiff should only be permitted to submit evidence of the $15,340.43 which represents medical bills paid by Medicare for treatment apart from the two surgical procedures.

The Plaintiff has supplemental health insurance with United Healthcare, which has paid for non-surgical expenses totaling $2,740.53. It is assumed a lien exists for these payments, and therefore Plaintiff would be entitled to "board" this amount as well.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic mail to Thomas D. Roebig, Esquire, Florin Roebig, P.A., Primary E-mail: tdr@florinroebig.com, Secondary E-mails: bknetzer@florinroebig.com, and PISERVICE@florinroebig.com, this 26 day of September, 2014.

SAALFIELD, SHAD, STOKES, INCLAN, STOUDEMIRE & STONE, P.A.

WILLIAM T. STONE
Florida Bar No. 263397
DANA A. JACOBS
Florida Bar No. 0059053
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
Phone: (904) 355-4401
Facsimile: (904) 355-3503
wstone@saalfieldlaw.com
Attorney for Defendant