IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBORAH PORTER CAHILL,

        Plaintiff,                      CASE NO.:  3:13-CV-231-5-20JRK

vs.

TARGET CORPORATION, a Foreign
Profit Corporation,

        Defendant.

---

## DEFENDANT'S MOTION FOR RULE 11 SANCTIONS
## WITH INCORPORATED MEMORANDUM OF LAW

Defendant Target Corporation, through its undersigned counsel, moves the Court to impose sanctions on Plaintiff pursuant to Federal Rule of Civil Procedure 11.  In support, Defendant states as follows:

### Statement Concerning Jurisdiction

On November 17, 2014, Plaintiff filed a Notice of Appeal.  Such a Notice normally operates to divest this Court of jurisdiction over the aspects of the case involved in the appeal. *United States v. Tovar-Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995).  Because Plaintiff made her sanctionable filings in this Court, however, the Court retains jurisdiction to impose appropriate sanctions on Plaintiff.  A federal court may consider collateral issues after an action is no longer pending. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).  A determination regarding sanctions under Rule 11 is a collateral issue and it may be decided after the principal suit has terminated. *Id.* at 395-96; *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1150 (9th Cir. 2003).  Federal authority confirms the Court's jurisdiction over these Rule 11 issues. *See e.g.*

*United Energy Owners Comm., Inc. v. United States Energy Management Sys., Inc.,* 837 F.2d 356, 358 (9th Cir. 1988) (noting district court retains jurisdiction to impose Rule 11 sanctions even though plaintiff's appeal from judgment of dismissal is pending); *Langham–Hill Petroleum Inc. v. Southern Fuels Co.,* 813 F.2d 1327, 1328-29 (4th Cir. 1987) (finding district court has jurisdiction to award Rule 11 sanctions after notice of appeal had been filed); *Thomas v. Capital Sec. Serv. Inc.,* 812 F.2d 984, 987 (5th Cir. 1987) (noting district court retains jurisdiction to resolve a motion for attorney's fees or Rule 11 sanctions even while appeal on merits of action is pending in court of appeals).

<u>Post-Trial Motions and Response Filed by Plaintiff Warrant Rule 11 Sanctions</u>

By presenting to the Court a pleading, written motion, or other paper, an unrepresented party certifies that to the best of her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the pleading, motion, or other paper is not presented to harass, does not contain frivolous legal contentions which are not warranted by existing law, and does not contain factual allegations which lack evidentiary support. Fed. R. Civ. P. 11(b)(1)-(3).  In the Rule 11 context, a bad faith filing is determined by objective, rather than subjective, standards of reasonableness. *Patterson v. Aiken,* 841 F.2d 386, 387 (11th Cir. 1988). *Pro se* filings do not serve as an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Id.* (quoting *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir.1986)).  Rule 11 permits the imposition of sanctions where it is shown that the Rule was violated as to a portion of a pleading, even though it was not violated as to other portions. *Patterson,* 841 F.2d at 387.

In Plaintiff's "Response to Motion for [sic] Tax Reasonable Attorneys Fees and Costs, request the jury verdict be overturned, or a new trial granted and responds to the Defendant's

motion to preclude plaintiff from communicating Directly with Target Corporation" filed on

November 17, 2014, Plaintiff avers:

> [T]here is clearly no excuse for [defense counsel's] numerous, repeated actions
> and behavior during this entire case, for his violation of said rules, laws and
> procedures, *unethical professional (and plaintiff also alleges criminal) conduct
> and this motion alone is evidence his violations were intentional* by choice and
> not by ignorance or mistake.

(Pltf.'s Response, p. 52 (emphasis added)).   In another filing, also made on November 17, 2014,

Plaintiff again injects baseless attacks on the defense which are entirely unwarranted in a Motion

for Transcripts:

> The herniation now operated on and injuries were now on the right side.  This was
> intentional fraud and misrepresented facts to the jury and the Federal Court. . . .
> Defense counsel further stated Plaintiff had a chronic coccyx injury, once again
> utilizing a report out of context.  Defense counsel intentionally mis [sic] represented
> these facts to the jury and the Federal Court. . . . He lied.  And his many omissions,
> are the same as lies.

(Pltf.'s Mtn. for Transcripts, p. 4).

Plaintiff's personal vendetta against Defendant Target and defense counsel is irrelevant to

the liability and damages issues in her case.  Her statements are completely inappropriate, baseless,

and made without reasonable and competent inquiry.  The filings are intended to interfere with the

attorney-client relationship,[1] and undersigned counsel's professional reputation.  Regardless of

Plaintiff's *pro se* status, there should be zero tolerance by this Court for this conduct.

---

[1] As the Court is aware, Defendant filed a Motion to Preclude Plaintiff from Communicating directly with Target Corporation on November 13, 2014.  The Court denied that Motion without prejudice.  However, one day after the Motion was filed, Plaintiff sent an *ex parte* e-mail directly to Defendant Target's claims manager purporting to make a settlement demand. (Ex. "A.")  That email alleged the "attorney representing Sedgwick Claims, locally, committed crimes of fraud . . . he presented false evidence.  He is guilty of many crimes of fraud and mis [sic] representation in this case . . . I can come to some agreement between you and myself, *circumventing this local attorney*, which has committed obvious fraud in this case and violated numerous Florida Statutes and Rules of Civil Procedure." (Ex. "A" (emphasis added.))

The goal of Rule 11 is to deter repetition of the conduct[2] or comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4). Plaintiff has claimed indigence and filed a motion to proceed *in forma pauperis*. A court may impose injunctive or other non-monetary sanctions where it appears the party will not be deterred by monetary sanctions. *See Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1295 (11th Cir. 2002) ("The district court found that a monetary sanction was insufficient to deter Riccard from future baseless, bad-faith filings and therefore would be insufficient to protect the court's ability to carry out its judicial functions, because: (1) Riccard was not financially well off and could not afford to pay a sanction; and (2) even if he could afford to pay, Riccard would gladly do so in order to 'continue his vendetta' against Prudential. . . . We

---

[2] The instant Motion was served on Plaintiff on November 25, 2014 pursuant to Rule 11(c). Since then, the defense has been served with additional sanctionable filings from Plaintiff. In Plaintiff's "Notice" (Doc. # 96), she states, "Dr. Abraham Rogozinski, appeared and testified at this trial, though he was never listed as a witness in any pre trial motions or filings as a witness for either the plaintiff or the defense. . . . This is just one more misrepresentation and fraud that was committed by Defense, in Federal Court and further injured this plaintiff and resulted in a gross miscarriage of justice." (Pltf.'s Notice pg. 2). This representation is unsupported and inaccurate as Dr. Chaim Rogozinski was disclosed as a defense expect in November 2013, and in fact testified at trial.

In Plaintiff's Third Motion for Permission to Appeal in Forma Pauperis and Affidavit (Doc. #97), Plaintiff alleges: "Intentional misrepresentation of Evidence to a Federal Court . . . [spoliation of numerous items of evidence] . . . misrepresenting the case to the jury and the Federal Court by omitting, intentionally, relevant and pertinent information prior to and immediately after a page submitted, but the remainder of the pages omitted. (Pltf.'s Mot. for Permission to Appeal in Forma Pauperis pg. 5). Plaintiff continued, "Plaintiff alleges this was fraud and intentional misrepresentation of the evidence to the jury, Court and Federal Court. . . . This was no mistake. This was intentional fraud." (Id. at 6).

Most egregiously, in Plaintiff's "Motion for Judge to Take Judicial Notice" (Doc. # 100), Plaintiff accuses Dr. Abraham Rogozinski (who did not testify at trial) of criminal misconduct and impersonating Dr. Chaim Rogozinski before this Court. (Pltf.'s Mot. for Judicial Notice pgs. 9-10). With no supporting evidence, Plaintiff represents that this constitutes "gross misconduct, intentional fraud, legal malpractice, violation of civil rules of procedure, violation of professional code of conduct, and plaintiff contends should be prosecuted as a criminal offense." (Id. at 10). In conclusion, Plaintiff states: "This was par for the course of the ethics and questionable professional conduct for [defense counsel] Mr. Stone." (Id. at 11).

cannot fault that reasoning."); *Farguson*, 808 F.2d at 360 ("[W]e cautioned that where monetary sanctions are ineffective in deterring vexatious filings, enjoining such filings would be considered."). The imposition of the sanctions requested below would be well within this Court's discretion. *See Patterson*, 841 F.2d at 387-88 (affirming district court's imposition of Rule 11 sanctions on *pro se* plaintiff); *Farguson*, 808 F.2d at 359-60 (same); *Kemp v. Pfizer, Inc.*, 152 F.R.D. 556, 561-62 (E.D. Mich. 1993) *vacated due to settlement in* 964 F. Supp. 245 (E.D. Mich. 1997) (finding *sua sponte* that Rule 11 sanctions were warranted where plaintiff made accusations of perjury against defense counsel and suggested referral to state bar, and finding such accusations "go beyond the bounds of reasonable and professional commentary before this court [and] do not serve the adjudication of this dispute.").

WHEREFORE, based on the above, Defendant respectfully requests that Plaintiff Deborah Porter Cahill be ordered to:

(a) cease making disparaging personal attacks on the defense, under penalty of being held in contempt of court;

(b) pay costs and fees incurred by Defendant in reviewing and addressing Plaintiff's sanctionable pleadings and in pursuing this Motion for Sanctions; and

(c) comply with other such conditions as the Court deems just and warranted.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Electronic Mail and U.S. Mail to Deborah Porter Cahill, 121 15th Avenue South, Jacksonville Beach, Florida 32250;  primary E-mail: pordpor1955@yahoo.com,  this 16th day of December, 2014.

SAALFIELD, SHAD, STOKES, INCLAN,
STOUDEMIRE & STONE, P.A.

WILLIAM T. STONE
Florida Bar No. 263397
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
Phone: (904) 355-4401
Facsimile: (904) 355-3503
wstone@saalfieldlaw.com
*Attorneys for Defendant*

## CERTIFICATE OF COMPLAINCE WITH RULE 11(c)(2)

Defendant certifies that Plaintiff was provided with a copy of this Motion, without footnote 2, on November 25, 2014, by e-mail and U.S. Mail, and Plaintiff has not withdrawn her sanctionable filings in the ensuing twenty-one days. *See* Fed. R. Civ. P. 11(c)(2).

Attorney

6